## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

In re:                                    )
                                          )
BOBBIE JOE GARRETT,                       )          Case No. 05-31283
                                          )
            Debtor.                       )

## <u>MEMORANDUM ORDER</u>

Emboldened by the Eighth Circuit Bankruptcy Appellate Panel's recent decision in *In re Benn[1]*, Debtor Bobbie Joe Garrett ("Debtor") seeks to exempt his undivided one-half interest in certain real estate in the state of Kansas with a value of $56,000, pursuant to Mo. Rev. Stat. § 513.427. The Trustee has objected.

Section 513.427 provides that Missouri bankruptcy debtors "shall be permitted to exempt from property of the [bankruptcy] estate any property that is exempt from attachment and execution under the law of the state of Missouri or under federal law, other than Title 11 . . . ." Title 11 refers to the Bankruptcy Code. In *Benn,* the BAP held that contingent federal and state income tax refunds may be exempted from a debtor's bankruptcy estate because those refunds are not subject to attachment and execution.

The Debtor and Mathew C. Garrett ("Garrett") own certain real estate in Kansas, consisting of a home and 80 acres of farmland. Garrett occupies the property; the Debtor does not. The Debtor lives in Missouri and has taken the Missouri exemptions on his bankruptcy schedules. The Debtor argues that the Kansas real estate is exempt because it is exempt from "attachment and execution" in Missouri, but he admits that the Trustee could levy on the property by, for example, registering a Missouri judgment in Kansas.

In admitting that the Trustee could levy on the property in Kansas, the Debtor defeats his own argument. The property is, indeed, subject to attachment and execution, although some additional legal process might be required, and the Debtor has cited no law to show otherwise. And no valid argument can be made that a bankruptcy trustee cannot liquidate property in a bankruptcy estate simply because that property is located in another state. Therefore, the Debtor is not entitled to exempt the Kansas real estate from his bankruptcy estate.

---

[1] *Benn v. Cole* (*In re Benn*), 2006 WL 870750 (B.A.P. 8th Cir. 2006).

The Debtor correctly recognized that he is only entitled to the exemptions allowed under Missouri law, the state of his residence, to exempt property from the bankruptcy estate.  Missouri statutes do not, however, provide any exemption from attachment and execution for real estate located outside of Missouri, nor could they.

Accordingly, it is

**ORDERED** that the Trustee's Objection to the Debtor's claim of exemption in the real estate in Arcadia, Kansas, as described in Debtor's Amended Schedule C, is hereby SUSTAINED and the claimed exemption is disallowed.

**SO ORDERED** this 26th day of May 2006.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
conventionally or electronically to:
Norman Rouse, Trustee
J. Kevin Checkett, Attorney for Debtor